UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

————————————————————————
SUNSTONE HOTEL INVESTORS, INC.,     )     Civil Action No. 18-cv-11501
                                       )
               plaintiff,        )
                                       )
v.                                     )
                                     )
PINNACLE PIPING AND SERVICE, CORP.,   )     **JURY TRIAL DEMANDED**
QUALITY AIR METALS, INC, and         )
COMMODORE BUILDERS CORPORATION,   )
                                     )
              defendants.     )
————————————————————————)

## COMPLAINT

The plaintiff, Sunstone Hotel Investors, Inc., alleges as follows for its Complaint against the defendants, Pinnacle Piping and Service, Corp., Quality Air Metals, Inc., and Commodore Builders Corporation:

## PARTIES

1. The plaintiff, Sunstone Hotel Investors, Inc. ("Sunstone"), is a California corporation engaged in the hotel business, with its principal place of business at 120 Vantis, Suite 350, Aliso Viejo, California.

2. Sunstone is the owner of the Boston Park Plaza Hotel (the "Park Plaza"), 50 Park Plaza at Arlington, Boston, Massachusetts.

3. At all relevant times, Sunstone possessed an insurable interest in the property where the Park Plaza operates, 50 Park Plaza at Arlington, Boston, Massachusetts.

4. The defendant Pinnacle Piping and Service, Corp. ("Pinnacle") is a Massachusetts corporation with a principal place of business at 950 Dorchester Avenue, Suite 103, Dorchester, Suffolk County, Massachusetts.

5. At all relevant times, Pinnacle was engaged in the business of providing heating, ventilation and air conditioning contracting services, including services involving a building's air conditioning and ventilation ducts.

6. The defendant Quality Air Metals, Inc. ("Quality") is a Massachusetts corporation with a principal place of business at 283B Centre Street, Holbrook, Norfolk County, Massachusetts.

7. At all relevant times, Quality was engaged in the business of providing heating, ventilation and air conditioning contracting services, including services involving a building's air conditioning and ventilation ducts.

8. The defendant Commodore Builders Corporation ("Commodore") is a Massachusetts corporation with a principal place of business at 404 Wyman Street, Suite 400, Waltham, Middlesex County, Massachusetts.

9. At all relevant times, Commodore was a general contractor engaged, *inter alia*, in the business of providing heating, ventilation and air conditioning contracting services, including services involving the building's air conditioning and ventilation ducts.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000.

11. Venue in this court is proper under 28 U.S.C. § 1391 because the defendants reside in the Commonwealth of Massachusetts and the loss events giving rise to this claim took place in the Commonwealth of Massachusetts.

## FACTS

12. The Boston Park Plaza Hotel is a hotel in Boston.

13. The Park Plaza had been undergoing years of restoration and renovation work, including work to its air conditioning ducts.

14. Commodore was retained as general contractor for the restoration work.

15. Commodore retained Pinnacle as a subcontractor while renovations were underway to perform work at the Park Plaza, particularly for heating, ventilation and air conditioning ("HVAC") work, by defendant Commodore.

16. Pinnacle retained Quality as a subcontractor, while renovations were underway, to perform work at the Park Plaza, for work that included the installation and insulation of certain ductwork in the building.

17. Quality and Pinnacle completed their work in July 2015.

18. On February 13-14, 2016, a water loss event occurred at the Park Plaza, affecting several floors, as a result of a series of burst sprinkler pipes.

19. The Park Plaza was forced to partially close certain guest and event rooms.

20. The Park Plaza's facilities management personnel immediately ascertained that the sprinkler system pipes above the Statler Room, *inter alia*, had frozen and burst, causing water to migrate and pour down into the hotel space.

21. Investigation revealed that Commodore, Quality, and/or Pinnacle had failed to adequately insulate and seal certain ducts and openings in and around the areas in which they had been working, and had failed to properly inspect same.

22. These actions resulted in the freezing of the sprinkler system pipes, which then burst and caused the water loss at the Park Plaza.

23. This water loss resulted in significant damage to Sunstone's real and business personal property, and interrupted its business activities.

24. Sunstone was injured in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80).

## COUNT I--NEGLIGENCE AGAINST COMMODORE

25. Sunstone incorporates by reference the allegations in paragraphs 1 through 24 as though they were set forth at length herein.

26. In performing work at the Park Plaza, Commodore owed Sunstone a duty imposed by common law, applicable customs, regulations, standards, codes, and/or ordinances to perform its work in a manner so as not to cause damage and/or harm to the subject property.

27. Commodore knew, or in the exercise of reasonable care should have known, that failure to exercise due care would result in an unreasonable risk of damage and/or harm to the subject property.

28. Commodore, acting by and through employees, agents, subcontractors, workmen, servants, service technicians, service advisors, representatives, and/or other designees, each of whom was working within the course and scope of his/her employment and subject to control, direction, and for the benefit of Commodore, negligently, carelessly, and/or recklessly breached its duty of care owed to Sunstone by:

a.      failing to properly and/or adequately insulate and/or seal the openings around the ventilation ductwork in the building;

b.      failing to take reasonable and proper steps to prevent cold air from entering the building and causing pipes therein to freeze;

c.      failing to provide adequate training for its employees, agents, servants, technicians, workmen, and/or representatives in the proper insulation and sealing of openings in the building's ductwork;

-4-

    d.        failing to adequately inspect the building's ductwork and ventilation system to discover any conditions that may result in pipes freezing;

    e.        leaving the ventilation system in a dangerous and/or defective condition that all the defendants knew or should have known would result in cold air entering the building, freezing the water and sprinkler pipes therein, and causing a water loss at the Park Plaza;

    f.        failing to select or retain competent and experienced subcontractors, workmen, and/or employees to insulate and seal the ductwork in the building;

    g.        failing to apply to the work the degree of care and skill that competent and skilled workmen in the industry would ordinarily and customarily bring to such work; and/or

    h.        failing to comply with applicable statutes, codes, regulations, building codes, and generally recognized industry practices and standards.

29. As a direct and proximate result of the negligent, reckless, careless and/or grossly negligent acts and/or omissions of Commodore, Sunstone sustained significant damage to its real and business personal property, as well as damage caused by an interruption in its business activities, in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80).

WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Commodore Builders Corporation in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with interest, costs, and any other relief that this Honorable Court may deem just and proper.

## COUNT II – NEGLIGENCE AGAINST PINNACLE

30. Sunstone incorporates by way of reference the allegations in paragraphs 1 through 29 as though they were set forth at length herein.

31. In performing work at the Park Plaza Hotel, Pinnacle owed Sunstone a duty imposed by common law, applicable customs, regulations, standards, codes, and/or ordinances to perform its work in a manner so as not to cause damage and/or harm to the subject property.

32. Pinnacle knew, or in the exercise of reasonable care should have known, that failure to exercise due care would result in an unreasonable risk of damage and/or harm to the subject property.

33. Pinnacle, acting by and through employees, agents, subcontractors, workmen, servants, service technicians, service advisors, representatives, and/or other designees, each of whom was working within the course and scope of his/her employment and subject to control, direction, and for the benefit of Pinnacle, negligently, carelessly, and/or recklessly breached its duty of care owed to Sunstone by:

  a.    failing to properly and/or adequately insulate and/or seal the openings around the ventilation ductwork in the building;

  b.    failing to take reasonable and proper steps to prevent cold air from entering the building and causing pipes therein to freeze;

  c.    failing to provide adequate training for its employees, agents, servants, technicians, workmen, and/or representatives in the proper insulation and sealing of openings in the building's ductwork;

  d.    failing to adequately inspect the building's ductwork and ventilation system to discover any conditions that may result in pipes freezing;

  e.    leaving the ventilation system in a dangerous and/or defective condition that all the defendants knew or should have known would result in cold air entering the building, freezing the water and sprinkler pipes therein, and causing a water loss at the Park Plaza;

  f.    failing to select or retain competent and experienced subcontractors, workmen, and/or employees to insulate and seal the ductwork in the building;

  g.    failing to apply to the work the degree of care and skill that competent and skilled workmen in the industry would ordinarily and customarily bring to such work; and/or

    h.    failing to comply with applicable statutes, codes, regulations, building codes, and generally recognized industry practices and standards.

34. As a direct and proximate result of the negligent, reckless, careless and/or grossly negligent acts and/or omissions of Pinnacle, Sunstone sustained significant damage to its real and business personal property, as well as damage caused by an interruption in its business activities, in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80).

WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Pinnacle Piping and Service, Corp. in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with interest, costs, and any other relief that this Honorable Court may deem just and proper.

## COUNT III – NEGLIGENCE AGAINST QUALITY

35. Sunstone incorporates by reference the allegations in paragraphs 1 through 34 as though they were set forth at length herein.

36. In performing work at the Park Plaza Hotel, Quality owed Sunstone a duty imposed by common law, applicable customs, regulations, standards, codes, and/or ordinances to perform its work in a manner so as not to cause damage and/or harm to the subject property.

37. Quality knew, or in the exercise of reasonable care should have known, that failure to exercise due care would result in an unreasonable risk of damage and/or harm to the subject property.

38. Quality, acting by and through employees, agents, subcontractors, workmen, servants, service technicians, service advisors, representatives, and/or other designees, each of whom was

working within the course and scope of his/her employment and subject to control, direction, and

for the benefit of Quality, negligently, carelessly, and/or recklessly breached its duty of care

owed to Sunstone, by:

    a.      failing to properly and/or adequately insulate and/or seal the openings around the ventilation ductwork in the building;

    b.      failing to take reasonable and proper steps to prevent cold air from entering the building and causing pipes therein to freeze;

    c.      failing to provide adequate training for its employees, agents, servants, technicians, workmen, and/or representatives in the proper insulation and sealing of openings in the building's ductwork;

    d.      failing to adequately inspect the building's ductwork and ventilation system to discover any conditions that may result in pipes freezing;

    e.      leaving the ventilation system in a dangerous and/or defective condition that all the defendants knew or should have known would result in cold air entering the building, freezing the water and sprinkler pipes therein, and causing a water loss at the Park Plaza;

    f.      failing to select or retain competent and experienced subcontractors, workmen, and/or employees to insulate and seal the ductwork in the building;

    g.      failing to apply to the work the degree of care and skill that competent and skilled workmen in the industry would ordinarily and customarily bring to such work; and/or

    h.      failing to comply with applicable statutes, codes, regulations, building codes, and generally recognized industry practices and standards.

39. As a direct and proximate result of the negligent, reckless, careless and/or grossly

negligent acts and/or omissions of Quality, Sunstone sustained significant damage to its real and

business personal property, as well as damage caused by an interruption in its business activities,

in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and

Eighty Cents ($332,935.80).

WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Quality Air Metals, Inc., in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with interest, costs, and any other relief that this Honorable Court may deem just and proper.

## COUNT IV – BREACH OF CONTRACT AGAINST COMMODORE

40. Sunstone incorporates by reference the allegations in paragraphs 1 through 39 as though they were set forth at length herein.

41. Commodore contracted with Sunstone to perform renovation work at the Park Plaza, particularly to its HVAC system.

42. Sunstone performed its obligations under the contract.

43. Commodore, acting by and through employees, agents, subcontractors, workmen, servants, service technicians, service advisors, representatives, and/or other designees, each of whom was working within the course and scope of his/her employment and subject to control, direction, and for the benefit of Commodore, negligently, carelessly, and/or recklessly breached its contract with Sunstone.

44. The defendant Commodore breached its contractual obligations by its acts and/or omissions, including, but not limited, to the following:

   a.   failing to properly and/or adequately insulate and/or seal the openings around the ventilation ductwork in the building;

   b.   failing to take reasonable and proper steps to prevent cold air from entering the building and causing pipes therein to freeze;

   c.   failing to provide adequate training for its employees, agents, servants, technicians, workmen, and/or representatives in the proper insulation and sealing of openings in the building's ductwork;

   d.   failing to adequately inspect the building's ductwork and ventilation system to discover any conditions that may result in pipes freezing;

    e.       leaving the ventilation system in a dangerous and/or defective condition that all the defendants knew or should have known would result in cold air entering the building, freezing the water and sprinkler pipes therein, and causing a water loss at the Park Plaza;

    f.       failing to select or retain competent and experienced subcontractors, workmen, and/or employees to insulate and seal the ductwork in the building;

    g.       failing to apply to the work the degree of care and skill that competent and skilled workmen in the industry would ordinarily and customarily bring to such work; and/or

    h.       failing to comply with applicable statutes, codes, regulations, building codes, and generally recognized industry practices and standards.

45. As a direct and foreseeable result of the defendant Commodore's breach of contract, Sunstone sustained extensive damages.

WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Commodore Builders Corporation in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with interest, costs, and any other relief that this Honorable Court may deem just and proper.

## COUNT V – BREACH OF THIRD-PARTY BENEFICIARY CONTRACT AGAINST PINNACLE

46. Sunstone incorporates by reference the allegations in paragraphs 1 through 45 as though they were set forth at length herein.

47. The defendant Commodore contracted with the defendant Pinnacle for Sunstone's benefit, to perform HVAC work at the Park Plaza.

48. Sunstone was an intended third-party beneficiary of the subcontract.

49. The defendant Pinnacle breached its contractual obligations to Sunstone by its acts and/or omissions including, but not limited to, the following:

a.      failing to properly and/or adequately insulate and/or seal the openings around the ventilation ductwork in the building;

b.      failing to take reasonable and proper steps to prevent cold air from entering the building and causing pipes therein to freeze;

c.      failing to provide adequate training for its employees, agents, servants, technicians, workmen, and/or representatives in the proper insulation and sealing of openings in the building's ductwork;

d.      failing to adequately inspect the building's ductwork and ventilation system to discover any conditions that may result in pipes freezing;

e.      leaving the ventilation system in a dangerous and/or defective condition that all the defendants knew or should have known would result in cold air entering the building, freezing the water and sprinkler pipes therein, and causing a water loss at the Park Plaza;

f.      failing to select or retain competent and experienced subcontractors, workmen, and/or employees to insulate and seal the ductwork in the building;

g.      failing to apply to the work the degree of care and skill that competent and skilled workmen in the industry would ordinarily and customarily bring to such work; and/or

h.      failing to comply with applicable statutes, codes, regulations, building codes, and generally recognized industry practices and standards.

50. As a direct and foreseeable result of Pinnacle's breach of contract, Sunstone sustained extensive damages.

WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Pinnacle Piping and Service, Corp. in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with interest, costs, and any other relief that this Honorable Court may deem just and proper.

## COUNT VI – BREACH OF THIRD-PARTY
## BENEFICIARY CONTRACT AGAINST QUALITY

51. Sunstone incorporates by reference the allegations in paragraphs 1 through 50 as though they were set forth at length herein.

52. The defendant Commodore contracted with the defendant Pinnacle for Sunstone's benefit, to perform HVAC work at the Hotel.

53. The defendant Pinnacle contracted with the defendant Quality for Sunstone's benefit, to perform HVAC work at the Hotel.

54. Sunstone was an intended third-party beneficiary of each subcontract.

55. The defendant Quality breached its contractual obligations to Sunstone by its acts and/or omissions including, but not limited to, the following:

    a.       failing to properly and/or adequately insulate and/or seal the openings around the ventilation ductwork in the building;

    b.       failing to take reasonable and proper steps to prevent cold air from entering the building and causing pipes therein to freeze;

    c.       failing to provide adequate training for its employees, agents, servants, technicians, workmen, and/or representatives in the proper insulation and sealing of openings in the building's ductwork;

    d.       failing to adequately inspect the building's ductwork and ventilation system to discover any conditions that may result in pipes freezing;

    e.       leaving the ventilation system in a dangerous and/or defective condition that all the defendants knew or should have known would result in cold air entering the building, freezing the water and sprinkler pipes therein, and causing a water loss at the Park Plaza;

    f.       failing to select or retain competent and experienced subcontractors, workmen, and/or employees to insulate and seal the ductwork in the building;

    g.       failing to apply to the work the degree of care and skill that competent and skilled workmen in the industry would ordinarily and customarily bring to such work; and/or

h.      failing to comply with applicable statutes, codes, regulations, building codes, and generally recognized industry practices and standards.

56. As a direct and foreseeable result of Quality's breach of contract, Sunstone sustained extensive damages.

WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Quality Air Metals, Inc., in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with interest, costs, and any other relief that this Honorable Court may deem just and proper.

## COUNT VII – BREACH OF WARRANTIES AGAINST COMMODORE

57. Sunstone incorporates by reference the allegations in paragraphs 1 through 56 as though they were set forth at length herein.

58. Commodore warranted that its work and the work of its subcontractors at the Park Plaza would be performed in a good and workmanlike manner, would be fit for its reasonably intended use, and would comply with generally accepted codes, standards, and all applicable plans and specifications.

59. Commodore's warranties were intended to benefit Sunstone both as a matter of fact and a matter of law.

60. Commodore breached its warranties.

61. As a direct and foreseeable result of the defendant Commodore's breach of warranties, Sunstone sustained extensive damages.

WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Commodore Builders Corporation in the amount of Three

Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with interest, costs, and any other relief that this Honorable Court may deem just and proper.

### COUNT VIII – BREACH OF WARRANTIES AGAINST PINNACLE

62. Sunstone incorporates by reference the allegations in paragraphs 1 through 61 as though they were set forth at length herein.

63. The defendant Pinnacle warranted that its work, and the work of its subcontractors at the Park Plaza would be performed in a good and workmanlike manner, was fit for its reasonably intended use, and would comply with generally accepted codes, standards, and all applicable plans and specifications.

64. The defendant Pinnacle's warranties were intended to benefit Sunstone both as a matter of fact and a matter of law.

65. The defendant Pinnacle breached its warranties.

66. As a direct and foreseeable result of Pinnacle's breach of warranties, Sunstone sustained extensive damages.

WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Pinnacle Piping and Service, Corp. in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with interest, costs, and any other relief that this Honorable Court may deem just and proper.

## COUNT IX – BREACH OF WARRANTIES AGAINST QUALITY

67. Sunstone incorporates by reference the allegations in paragraphs 1 through 66 as though they were set forth at length herein.

68. The defendant Quality warranted that its work, and the work of its subcontractors at the Park Plaza would be performed in a good and workmanlike manner, would be fit for its reasonably intended use, and would comply with generally accepted codes, standards, and all applicable plans and specifications.

69. The defendant Quality's warranties were intended to benefit Sunstone both as a matter of fact and a matter of law.

70. The defendant Quality breached its warranties.

71. As a direct and foreseeable result of the defendant Quality's breach of warranties, Sunstone sustained extensive damages.


WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Quality Air Metals, Inc. in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with interest, costs, and any other relief that this Honorable Court may deem just and proper.

## COUNT X – GROSS NEGLIGENCE AGAINST COMMODORE

72. Sunstone incorporates by reference the allegations in paragraphs 1 through 71 as though they were set forth at length herein.

73. In performing work at the Park Plaza, Commodore owed Sunstone a duty imposed by common law, applicable customs, regulations, standards, codes, and/or ordinances to perform their work in a manner so as not to cause damage and/or harm to the subject property.

74. Commodore knew, or in the exercise of reasonable care should have known, that failure to exercise due care would result in an unreasonable risk of damage and/or harm to the subject property.

75. Commodore, acting by and through employees, agents, subcontractors, workmen, servants, service technicians, service advisors, representatives, and/or other designees, each of whom was working within the course and scope of his/her employment and subject to control, direction, and for the benefit of Commodore, grossly negligently and recklessly breached the duty of care owed to Sunstone by:

a.   failing to properly and/or adequately insulate and/or seal the openings around the ventilation ductwork in the building;

b.   failing to take reasonable and proper steps to prevent cold air from entering the building and causing pipes therein to freeze;

c.   failing to provide adequate training for its employees, agents, servants, technicians, workmen, and/or representatives in the proper insulation and sealing of openings in the building's ductwork;

d.   failing to adequately inspect the building's ductwork and ventilation system to discover any conditions that may result in pipes freezing;

e.   leaving the ventilation system in a dangerous and/or defective condition that all the defendants knew or should have known would result in cold air entering the building, freezing the water and sprinkler pipes therein, and causing a water loss at the Park Plaza;

f.   failing to select or retain competent and experienced subcontractors, workmen, and/or employees to insulate and seal the ductwork in the building;

g.   failing to apply to the work the degree of care and skill that competent and skilled workmen in the industry would ordinarily and customarily bring to such work; and/or

h.   failing to comply with applicable statutes, codes, regulations, building codes, and generally recognized industry practices and standards.

76. As a direct and proximate result of the grossly negligent and reckless acts and/or omissions of Commodore, Sunstone sustained significant damage to its real and business

personal property, as well as damage caused by an interruption in its business activities, in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80).

WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against Commodore Builders Corporation in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with interest, costs, and any other relief that this Honorable Court may deem just and proper.

## COUNT XI – GROSS NEGLIGENCE AGAINST PINNACLE

77. Sunstone incorporates by reference the allegations in paragraphs 1 through 76 as though they were set forth at length herein.

78. In performing work at the Park Plaza, Pinnacle owed Sunstone a duty imposed by common law, applicable customs, regulations, standards, codes, and/or ordinances to perform their work in a manner so as not to cause damage and/or harm to the subject property.

79. Pinnacle knew, or in the exercise of reasonable care should have known, that failure to exercise due care would result in an unreasonable risk of damage and/or harm to the subject property.

80. Pinnacle acting by and through employees, agents, subcontractors, workmen, servants, service technicians, service advisors, representatives, and/or other designees, each of whom was working within the course and scope of his/her employment and subject to control, direction, and for the benefit of Pinnacle, grossly negligently and recklessly breached the duty of care owed to Sunstone, by:

    a.    failing to properly and/or adequately insulate and/or seal the openings around the ventilation ductwork in the building;

b.    failing to take reasonable and proper steps to prevent cold air from entering the building and causing pipes therein to freeze;

c.    failing to provide adequate training for its employees, agents, servants, technicians, workmen, and/or representatives in the proper insulation and sealing of openings in the building's ductwork;

d.    failing to adequately inspect the building's ductwork and ventilation system to discover any conditions that may result in pipes freezing;

e.    leaving the ventilation system in a dangerous and/or defective condition that all the defendants knew or should have known would result in cold air entering the building, freezing the water and sprinkler pipes therein, and causing a water loss at the Park Plaza;

f.    failing to select or retain competent and experienced subcontractors, workmen, and/or employees to insulate and seal the ductwork in the building;

g.    failing to apply to the work the degree of care and skill that competent and skilled workmen in the industry would ordinarily and customarily bring to such work; and/or

h.    failing to comply with applicable statutes, codes, regulations, building codes, and generally recognized industry practices and standards.

81. As a direct and proximate result of the grossly negligent and reckless acts and/or omissions of Pinnacle, Sunstone sustained significant damage to its real and business personal property, as well as damage caused by an interruption in its business activities, in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80).


WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Pinnacle Piping and Service, Corp. in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with interest, costs, and any other relief that this Honorable Court may deem just and proper.

## COUNT XII – GROSS NEGLIGENCE AGAINST QUALITY

82. Sunstone incorporates by reference the allegations in paragraphs 1 through 81 as though they were set forth at length herein.

83. In performing work at the Park Plaza, Quality owed Sunstone a duty imposed by common law, applicable customs, regulations, standards, codes, and/or ordinances to perform their work in a manner so as not to cause damage and/or harm to the subject property.

84. Quality knew, or in the exercise of reasonable care should have known, that failure to exercise due care would result in an unreasonable risk of damage and/or harm to the subject property.

85. Quality, acting by and through employees, agents, subcontractors, workmen, servants, service technicians, service advisors, representatives, and/or other designees, each of whom was working within the course and scope of his/her employment and subject to control, direction, and for the benefit of Quality, grossly negligently and recklessly breached the duty of care owed to Sunstone by:

   a.    failing to properly and/or adequately insulate and/or seal the openings around the ventilation ductwork in the building;

   b.    failing to take reasonable and proper steps to prevent cold air from entering the building and causing pipes therein to freeze;

   c.    failing to provide adequate training for its employees, agents, servants, technicians, workmen, and/or representatives in the proper insulation and sealing of openings in the building's ductwork;

   d.    failing to adequately inspect the building's ductwork and ventilation system to discover any conditions that may result in pipes freezing;

   e.    leaving the ventilation system in a dangerous and/or defective condition that all the defendants knew or should have known would result in cold air entering the building, freezing the water and sprinkler pipes therein, and causing a water loss at the Park Plaza;

  f.  failing to select or retain competent and experienced subcontractors, workmen, and/or employees to insulate and seal the ductwork in the building;

  g.  failing to apply to the work the degree of care and skill that competent and skilled workmen in the industry would ordinarily and customarily bring to such work; and/or

  h.  failing to comply with applicable statutes, codes, regulations, building codes, and generally recognized industry practices and standards.

86. As a direct and proximate result of the grossly negligent and reckless acts and/or omissions of Quality, Sunstone sustained significant damage to its real and business personal property, as well as damage caused by an interruption in its business activities, in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80).

WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Quality Air Metals, Inc., in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with interest, costs, and any other relief that this Honorable Court may deem just and proper.

## COUNT XIII – VIOLATION OF CONSUMER PROTECTION ACT AGAINST COMMODORE

87. Sunstone incorporates by reference the allegations in paragraphs 1 through 86 as though they were set forth at length herein.

88. At all relevant times, Commodore was engaged in trade or commerce.

89. The conduct of Commodore, as alleged above, constitutes a violation of the Massachusetts Consumer Protection Act, Mass Gen. Laws. ch. 93A, §§ 2 and 11.

90. The above-described conduct was undertaken willfully and/or knowingly.

91. As a direct and proximate result of the conduct of the Defendant Commodore's conduct as alleged above, Sunstone suffered damages in the amount of in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80).

WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Commodore Builders Corporation in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with double or treble damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court may deem just and proper.

## COUNT XIV – VIOLATION OF CONSUMER PROTECTION ACT AGAINST PINNACLE

92. Sunstone incorporates by reference the allegations in paragraphs 1 through 91 as though they were set forth at length herein.

93. At all relevant times, Pinnacle was engaged in trade or commerce.

94. The conduct of Pinnacle, as alleged above, constitutes a violation of the Massachusetts Consumer Protection Act, Mass. Gen Laws. ch. 93A, §§ 2 and 11.

95. The above-described conduct was undertaken willfully and/or knowingly.

96. As a direct and proximate result of the conduct of the defendant Pinnacle's conduct as alleged above, Sunstone suffered damages in the amount of in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80).

WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Pinnacle Piping and Service, Corp., in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with double or treble damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court may deem just and proper.

## COUNT XV – VIOLATION OF CONSUMER PROTECTION ACT AGAINST QUALITY

97. Sunstone incorporates by reference the allegations in paragraphs 1 through 96 as though they were set forth at length herein.

98. At all relevant times, Quality was engaged in trade or commerce.

99. The conduct of Quality, as alleged above, constitutes a violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, §§ 2 and 11.

100. The above-described conduct was undertaken willfully and/or knowingly.

101. As a direct and proximate result of the conduct of the Defendant Quality's conduct as alleged above, Sunstone suffered damages in the amount of in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80).


WHEREFORE, the plaintiff, Sunstone Hotel Investors, Inc., demands judgment in its favor and against the defendant Quality Air Metals, Inc., in the amount of Three Hundred Thirty-Two Thousand, Nine Hundred Thirty-Five Dollars and Eighty Cents ($332,935.80), together with double or treble damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court may deem just and proper.

**REQUEST FOR TRIAL BY JURY**

The plaintiff, Sunstone Hotel Investors, Inc., requests a jury trial on all issues so triable in this matter.

Respectfully submitted,

by the plaintiff,

SUNSTONE HOTEL INVESTORS, INC.,

by its attorneys,

July 18, 2018

*/s/ Robert A. Stern*
Robert A. Stern (BBO # 638595)
Michael S. Leavy (not admitted in Mass.)
CLAUSEN MILLER, P.C.
28 Liberty Street
39th Floor
New York, NY 10005
phone: (212) 805-3900
fax: (212) 805-3939
email: rstern@clausen.com

**Certificate of Service**

I certify that on July 18, 2018, I electronically filed the foregoing document through the Court's CM/ECF system. It is available for viewing and downloading from the Court's CM/ECF system, and the participants in the case who are registered CM/ECF users will be served electronically by the CM/ECF system.

/s/ Andrew J. Fay
Andrew J. Fay